UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ESTATE OF JANET CZARNETZKI,**<br><br>Plaintiff,<br><br>v.<br><br>**MARJORIE ANDREWS & FIRST NATIONAL BANK OF THE GULF COAST,**<br><br>Defendants. | Civ. No. 2:12-06923 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Defendant Marjorie Andrews is the sister of the late Janet Czarnetzki. According to the verified complaint, Andrews funneled money belonging to Czarnetzki's Estate into a personal account that Andrews maintains with Defendant National Bank of the Gulf Coast. Czarnetzki's Estate ("Plaintiff" or "the Estate") requests a temporary restraining order, and eventually a preliminary injunction, to ensure its money stays put while the Court sorts out ownership and liability. Because the Court lacks subject matter, it will *sua sponte* **DISMISS** the Complaint and **DENY** as moot the requests for a temporary restraining order and a preliminary injunction.

For purposes of a facial challenge to subject matter jurisdiction, the Court accepts the allegations of the verified complaint as true. *Stanton v. Greenstar Recycled Holdings, L.L.C.*, No. 10-5658, 2012 WL 3201370, at *3 (D.N.J. Aug. 2, 2012). The verified complaint states as follows: On February 8, 2012, Czarnetzki executed a will that named Andrews as one of several beneficiaries. Compl. ¶ 4, ECF No. 1. Andrews proceeded to take advantage of Czarnetzki. Armed with a power of attorney, Andrews siphoned 98% of her sister's assets into a joint Andrews-Czarnetzki account, and eventually, after Czarnetzki died, into an account held solely by Andrews. *Id.* ¶¶ 7-8. Following Czarnetzki's passing, letters of administration for her Estate were issued by the Bergen County Surrogate

1

on October 18, 2012.  *Id.* at Introduction.  The Estate (likely through its administrator) told Andrews that it wanted its money back; Andrews said no.  *Id.* ¶ 9.  Litigation followed.  The Estate filed a six count Complaint alleging, *inter alia*, fraudulent conveyance, breach of fiduciary duty, and conversion.  Among other things, the Estate requests a declaration "that any alleged inter vivos gift . . . from [Czarnetzki] to the Defendant Andrews is null and void and that the [assets] are assets of the Plaintiff Estate."  *Id.* Counts I, III.  It wants the Court to order a return of Estate property.  *Id.* Count IV-VI.  And it wants damages for conversion.  *Id.* Count II.

      The Court begins, as it must, with subject matter jurisdiction.  The Estate's claims sound in state law.  Accordingly, the Estate appeals to the Court's diversity jurisdiction.  For diversity jurisdiction to lie, parties must be citizens of different states.  28 U.S.C. § 1332(a).  The burden of establishing citizenship falls on the plaintiff.  To satisfy that burden, it is not enough to baldy assert, as the Estate does here, that a dispute is "between citizens of different states."  *Id.* ¶ 11; *see Coleman v. Chase Home Fin., LLC*, No. 8-2215, 2009 WL 3806417, at *4 (D.N.J. Nov. 10, 2010) ("[The] basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.") (quoting *S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006).  A plaintiff must identify the states.  When the Court knows the citizenship of the parties, it can determine for itself whether there is diversity.  In this case, the Court cannot independently assess diversity because the Estate has pled neither its citizenship nor Defendants' citizenship.  Accordingly, the Court will *sua sponte* dismiss the Complaint.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Assuming diversity of citizenship, it would appear that the Estate could cure the defect in its pleading and file a revised complaint.  It can replead, just not in federal court.

      "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A limitation on federal jurisdiction called the "probate exception" divests this Court of subject matter jurisdiction over the Estate's claims.  The leading case on the probate exception is the Supreme Court's 2006 decision in *Marshall v. Marshall*, 547 U.S. 293 (2006).  "It is clear after Marshall that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply."  *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008).

      The Estate wants this Court to find Andrews liable for taking funds that do not belong to her, and it wants the Court to make sure the funds are restored to

their rightful owner.  To grant this relief, the Court will have to first determine whether the funds at issue belong to the Estate.  But deciding what belongs to the Estate is the same thing as administering the Estate, and that is precisely what *Marshall* prohibits.  *See Surgick v. Cirella*, No. 9-3807, 2012 WL 1495422, at *3 (D.N.J. Apr. 27, 2012); *In re Dalton*, 415. B.R. 838, 841 (Bankr. D.N.M. 2009).  At this juncture, the Estate's claims fall within the probate exception, and this Court lacks jurisdiction to address them.

     As the Estate has failed to plead diversity, and as its claims fall within the probate exception, the Court will *sua sponte* **DISMISS** the Complaint for lack of subject matter jurisdiction.  Accordingly, the Court will **DENY** as moot the Estate's requests for a temporary restraining order and a preliminary injunction.  An appropriate order follows.

                          /s/ William J. Martini
                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 19, 2012**